Rahman v. Whitaker

BIA
A089 114 546

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand nineteen.

PRESENT:
      ROBERT A. KATZMANN,
         *Chief Judge,*
      PETER W. HALL,
      DEBRA ANN LIVINGSTON,
         *Circuit Judges.*

_____

MAKSUDUR RAHMAN,
      *Petitioner,*

      v.                       17-1677
                                 NAC

MATTHEW G. WHITAKER, ACTING UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maksudur Rahman, a native and citizen of the Bangladesh, seeks review of an April 28, 2017, decision of the BIA denying his motion to reopen. *In re Maksudur Rahman*, No. A089 114 546 (B.I.A. Apr. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Rahman's motion to reopen for abuse of discretion and consider whether its conclusion regarding changed country conditions is supported by substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Rahman's 2016 motion to reopen was untimely as it was filed approximately four years after his removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Accordingly, to succeed on his motion to reopen, Rahman had to demonstrate both his prima facie eligibility for the relief sought (asylum, withholding of removal, and relief under the Convention Against Torture ("CAT")) and that his

2

untimely filing was excused.  *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).  The time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  The agency did not abuse its discretion in denying reopening because, as discussed below, Rahman failed to establish either his prima facie eligibility relief or a material change in conditions given the underlying adverse credibility determination and the lack of evidence that he would be targeted as a result of the rise in extremist violence.

Rahman asserted that Islamic terrorists would perceive him as an outsider for living in the United States and target him on that basis.  He also claimed that the ruling Awami League was exploiting public fear stemming from this terrorist violence to persecute political opponents.  He also alleged that members of the Awami League continue to seek him out and target his family.

First, the BIA did not err in denying the motion based on Rahman's failure to file a new asylum application because a motion to reopen "must be accompanied by the appropriate application for relief."  8 C.F.R. § 1003.2(c)(1).

Second, as the agency found, Rahman's county conditions evidence of the rise in terrorist incidents is not material because general violence or crime is not a basis for asylum or withholding of removal.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999); *Matter of Mogharrabi*, 19 I. & N. Dec. 439, 447 (BIA 1987).  Moreover, his evidence that foreign diplomats are seeking more security in light of this terrorist violence does not support his speculative claim that terrorists will target him as an "outsider" or "foreigner" as he has not described how or why terrorist organizations would view him as similarly situated to foreign diplomats.  *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an applicant's "fear is speculative at best."); *see also* C.F.R. §§ 1208.13(b)(2)(iii), 1208.16(b)(2) (providing that applicant can establish fear of future persecution by showing he would be "singled out" for harm); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring CAT

4

applicant to show that someone in his "particular alleged circumstances" would likely be tortured).

Third, Rahman's contention that the country conditions evidence reflects a more dangerous situation "for those who have previously been the target of violent individuals," fails because he was found not credible in the underlying proceedings. The BIA did not err in finding that Rahman's letters from family members and friends were insufficient to overcome that prior adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007) (holding that the BIA may decline to credit documentary evidence submitted with a motion to reopen if it has "legitimate concerns about [the petitioner's] credibility" based on a previous adverse credibility determination and the petitioner offers no other corroborating evidence); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Thus, on this record, the agency was not compelled to conclude that Rahman's evidence reflected a change in conditions material to his fear of harm or his prima facie eligibility for relief. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any

5

reasonable adjudicator would be compelled to conclude to the contrary."); *see also Jian Hui Shao*, 546 F.3d at 157–58.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk